IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ELIJAH ROBERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:13-CV-407 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Elijah Roberson, a *pro se* prisoner, filed this habeas corpus petition attemting to challenge his conviction and 40 year sentence on October 5, 2009, for child molesting by the Lake Superior Court under cause number 45G04-0912-FA-57. Pursuant to 2254 Habeas Corpus Rule 4, the Court must review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." Because this petition is untimely, it must be dismissed.

Roberson filed a direct appeal and ultimately sought transfer to the Indiana Supreme Court which was denied on September 1, 2011. He filed a post-conviction relief petition which he says he "mailed out to the [State] court same day as this filing." DE 1 at 1. This petition was signed and mailed on November 8, 2013. DE 1 at 4.

Habeas Corpus petitions are subject to a strict one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Question 16 on the habeas corpus form asked Roberson to explain why the petition was timely. In response he wrote, "Under subsection (1)(A) this petition is timely because it is filed within one year of the date of the conclusion of direct review." DE 1 at 4. Roberson makes no mention of (and nothing in this petition indicates that) state action prevented Roberson from filing this habeas corpus petition sooner, that the petition is based on a newly recognized Constitutional right, or newly discovered evidence. Therefore §§ 2244(d)(1)(B), (C) and (D) are not applicable to this case. Thus, as Roberson argues, the 1-year period of limitation began – pursuant to § 2244(d)(1)(A)– when the judgment became final upon the expiration of the time for seeking direct review.

Here, the Indiana Supreme Court denied his petition to transfer his direct appeal on September 1, 2011. Roberson did not petition the United States Supreme Court for certiorari, so his conviction became final when the deadline for doing so passed 90 days later on November 30, 2011. *See* Sup. Ct. R. 13(1) and *Gonzalez v. Thaler*, 565 U.S. __, __; 132 S. Ct. 641, 653-54; 181 L. Ed. 2d 619, 636 (2012). ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires."). Thus the last day that he could have filed a timely habeas corpus petition was one year later, on November 30, 2012. Though it is true that pursuant to 28 U.S.C. § 2244(d)(2), a pending post-conviction relief petition tolls the 1-year period of limitation, because the allowable time for filing a habeas corpus petition had already expired by the time that Roberson filed his post-conviction relief petition, it was too late for it to have any effect on the timeliness of this habeas corpus petition which was not signed until November 8, 2013, nearly a year late after the deadline expired. Therefore this habeas corpus petition is untimely and must be dismissed.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* As previously explained, this petition

is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For the foregoing reasons, the court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.

SO ORDERED.

ENTERED: November 18, 2013

                                                s/William C. Lee
                                                William C. Lee, Judge
                                                United States District Court